**PECK ORMSBY CONSTRUCTION COMPANY, Plaintiff–Appellee,**

v.

**CITY OF RIGBY, Defendant–cross–plaintiff–Appellee,**

v.

**Parkson Corporation, Cross–defendant–Appellant.**

No. 11–36016.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2013.

Filed May 20, 2013.

by Ninth Circuit Rule 36–3.

Joe Meuleman, Wayne Meuleman, Meuleman Mollerup LLP, Boise, ID, for Plaintiff–Appellee.

Robin Dunn, Dunn Law Offices, PLLC, Rigby, ID, Lee Radford, Senior, Bradley J. Williams, Esquire, Moffatt Thomas, Idaho Falls, ID, for Defendant–cross–plaintiff–Appellee.

John Matthews Mastin, Jr., Esquire, Smith, Currie & Hancock LLP, Atlanta, GA, for Cross–defendant–Appellant.

Before: KOZINSKI, Chief Judge, BERZON and HURWITZ, Circuit Judges.

### MEMORANDUM*

The City of Rigby is estopped from challenging the validity of the arbitration clause in the performance guarantee it received from Parkson Corporation. Even though the city never signed the guaran-

tee, it "cannot accept [its] benefits ... and at the same time question its validity." 28 Am.Jur.2d *Estoppel and Waiver* § 60 (2013); *accord* 9 U.S.C. § 2; *Nghiem v. NEC Elecs., Inc.,* 25 F.3d 1437, 1439 (9th Cir.1994); *Justad v. Ward,* 147 Idaho 509, 211 P.3d 118, 121 (2009); *Billings v. City of Orlando,* 287 So.2d 316, 318 (Fla.1973). The city received the guarantee and installed the guaranteed product years before it ever objected to any part of the guarantee. By suing, the city now seeks to further enjoy the benefits of the guarantee, yet avoid its burdens by refusing arbitration. This it cannot do. *See also Comer v. Micor, Inc.,* 436 F.3d 1098, 1101–02 (9th Cir.2006); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH,* 206 F.3d 411, 414, 417–18 (4th Cir.2000). The district court shall order the parties to arbitrate any claims covered by the performance guarantee.

### REVERSED.

---

\* This disposition isn't appropriate for publication and isn't precedent except as provided by

9th Cir. R. 36–3.